UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STANLEY W. LEE,

      Plaintiff,

v.                                               Case No.: 8:13-cv-2276-T-24-MAP

GULF COAST COLLECTION
BUREAU, INC.,

      Defendant.

_____/

## **ORDER**

      This cause comes before the Court on Defendant's Motion for Summary Judgment. (Doc. No. 22).  Plaintiff opposes the motion.  (Doc. No. 24).  As explained below, the motion is denied.

## **I.  Standard of Review**

      Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must draw all inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor.  See Porter v. Ray, 461 F.3d 1315, 1320 (11th Cir. 2006)(citation omitted).  The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial.  See id. (citation omitted).  When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial.  See id. (citation omitted).

## II.  Background

This case involves debt collection communications made by Defendant Gulf Coast Collection Bureau, Inc. to Plaintiff Stanley Lee.  The following is a brief description of the facts, which are not well-explained by the parties.[1]

Plaintiff went to Sarasota Memorial Hospital ("SMH") for treatment on several occasions.  On July 22, 2011, September 1, 2011, and May 16, 2012, Plaintiff signed a form titled, "General Consent and Financial Agreement," which states in pertinent part that he: (1) acknowledged receipt and understanding of the form and the information sheet;[2] and (2) agreed to the terms contained in the information sheet, including "Patient Information (Release and Information for . . . payment).  (Doc. No. 22-2, p. 7-9).  On July 22, 2011, January 10, 2012, and May 22, 2012, Plaintiff provided his cell phone number (ending in 0930) to SMH in connection with his treatment.  (Doc. No. 22-2, p. 10-12; Doc. No. 22-2, depo. p. 34, 43).

At some point, SMH transferred Plaintiff's information, including his cell phone number, to Defendant in order for Defendant to collect Plaintiff's medical debt(s).  (Doc. No. 23-1, ¶ 7, 8; Doc. No. 38, ¶ 4).  Defendant contacted Plaintiff on his cell phone, and Plaintiff told Defendant to stop calling his cell phone, but Defendant's calls continued.  (Doc. No. 24-2).

On June 27, 2013, Plaintiff sent Defendant a letter stating the following: "I dispute this

---

[1]The parties do not explain what medical services gave rise to the debt(s) at issue, nor do they identify on which service dates the medical services were provided.  There are two collection letters that were attached to the complaint that identify seven medical debts (Doc. No. 34), but Plaintiff states in his Statement of Facts that he had 21 different medical debts (Doc. No. 24-1, ¶ 5).  Thus, the debts at issue and the facts regarding those debts are not well-explained by the parties.

[2]Neither party has submitted the information sheet to the Court.

2

debt.  Please do not contact me again regarding this or any other debt your company may have or may obtain in my name.  Instead contact my legal representative W. John Gadd." (Doc. No. 1, p. 5).  Plaintiff listed Gadd's address in the letter.  (Doc. No. 1, p. 5).

On August 23, 2013, Plaintiff sent another letter to Defendant, stating:

> I expressly revoke any consent I may have given to contact me by phone.  I'm expressly asking that all calls be stopped and reduced to writing.  ALL contact regarding this or any alleged debt or personal business matter you may have or may obtain in my name should be sent to my legal representative W. John Gadd . . . .  Do no[t] contact me any further.

(Doc. No. 22-2, p. 13).  Again, Plaintiff listed Gadd's address in the letter.  (Doc. No. 22-2, p. 13).

Despite Plaintiff's letters, in July and August of 2013, Defendant sent two collection letters to Plaintiff that indicate that Plaintiff owed money for services provided on seven different dates in 2012 (five debts owed to SMH, one debt owed to Dr. Charles Loewe, and one debt owed to Sarasota ER Physicians).  (Doc. No. 34).

On September 3, 2013, Plaintiff filed suit against Defendant for violating the Florida Consumer Collection Practices Act ("FCCPA") and the Telephone Consumer Protection Act ("TCPA").  Specifically, Plaintiff contends that Defendant violated the FCCPA by: (1) willfully communicating with him with such frequency as can reasonably be expected to harass him (in violation of Florida Statute § 559.72(7)); and (2) communicating with him directly after learning that he was represented by an attorney (in violation of Florida Statute § 559.72(18)).  Additionally, Plaintiff contends that Defendant violated the TCPA by using an automatic telephone dialing system ("ATDS") to make debt collection calls to his cell phone without his consent (in violation of 47 U.S.C. § 227(b)(1)(A)(iii)).  Defendant now moves for summary

judgment on Plaintiff's TCPA claim.

### III.  Motion for Summary Judgment

The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(A)(iii), provides that "[i]t shall be unlawful for any person . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system . . . to any telephone number assigned to a . . . cellular telephone service."  Defendant violated the TCPA if it: (1) made a call using an ATDS; (2) the call was not made for emergency purposes; (3) the call was made without Plaintiff's prior express consent; and (4) the call was made to a telephone number assigned to Plaintiff's cellular telephone service.

Defendant moves for summary judgment on Plaintiff's TCPA claim, arguing that there could be no TCPA violation, because the calls were made with Plaintiff's prior express consent. As explained below, genuine issues of material fact exist that preclude summary judgment on Plaintiff's TCPA claim.

The FCC has the authority to make rules and regulations necessary to carry out the TCPA.  See Mais v. Gulf Coast Collection Bureau, Inc., 2014 WL 4802457, at *5 (11th Cir. Sept. 29, 2014).  In 2008, the FCC issued the following ruling regarding the prior express consent exception to TCPA liability:

> Although the TCPA generally prohibits autodialed calls to wireless phones, it also provides an exception for autodialed and prerecorded message calls . . . made with the prior express consent of the called party. Because we find that autodialed and prerecorded message calls to wireless numbers provided by the called party in connection with an existing debt are made with the "prior express consent" of the called party, we clarify that such calls are permissible. We conclude that the provision of a cell phone number to a creditor, e.g., as part of a credit application, reasonably evidences prior express consent by the cell phone subscriber to be contacted at that number regarding the

4

debt.  In the *1992 TCPA Order*, the Commission determined that "persons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary."

       *       *       *

We emphasize that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed.  To ensure that creditors and debt collectors call only those consumers who have consented to receive autodialed and prerecorded message calls, we conclude that the creditor should be responsible for demonstrating that the consumer provided prior express consent. The creditors are in the best position to have records kept in the usual course of business showing such consent, such as purchase agreements, sales slips, and credit applications. Should a question arise as to whether express consent was provided, the burden will be on the creditor to show it obtained the necessary prior express consent. . . . Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call.

In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991, 2008 WL 65485, at *3 (F.C.C. Jan. 4, 2008)("2008 FCC Ruling")(footnotes omitted).  In a footnote, the FCC noted that "prior express consent provided to a particular creditor will not entitle that creditor (or third party collector) to call a consumer's wireless number on behalf of other creditors, including on behalf of affiliated entities."  Id. at n.38.

Defendant argues that it called Plaintiff's cell phone with Plaintiff's prior express consent, as shown by his provision of his cell phone number to SMH.  Defendant, however, has failed to connect: (1) the provision of Plaintiff's cell phone number to SMH on a specific date, (2) to a specific medical service provided by SMH, (3) for which Plaintiff failed to pay, and (4) for which Defendant called Plaintiff's cell phone.  It is unclear what medical debts were the basis of Defendant's calls to Plaintiff's cell phone.  It is also unclear whether the debts were owed to SMH, as opposed to an affiliated doctor or entity.

5

The evidence before the Court shows that on July 22, 2011, January 10, 2012, and May 22, 2012, Plaintiff provided his cell phone number to SMH in connection with his treatment.  To the extent that Defendant can show at trial that Plaintiff's treatment on those dates resulted in debts owed to SMH for which Defendant called Plaintiff's cell phone (prior to any revocation of consent in the summer of 2013), those calls would not violate the TCPA due to Plaintiff's provision of his cell phone number evidencing his prior express consent.  See Moise v. Credit Control Services, Inc., 950 F. Supp.2d 1251, 1253 (S.D. Fla. 2011)(stating that if the plaintiff provided his cell phone number directly to Quest Diagnostics, then the defendant would have had the plaintiff's express consent to call his cell phone regarding the debt owed to Quest Diagnostics); Penn v. NRA Group, LLC, 2014 WL 2986787, at *3 (D. Md. July 1, 2014)(stating that because the plaintiff provided his cell phone number to the hospital in connection with the medical treatment that resulted in the debt that he was called about, the defendant lawfully called the plaintiff's cell phone with his prior express consent).  Such evidence would show that Plaintiff provided his cell phone number during the transaction that resulted in the debt owed and for which his cell phone was called.  However, because such evidence is not currently before the Court, Defendant's motion for summary judgment must be denied.

Defendant makes three additional/alternative arguments.  First, Defendant argues that Plaintiff did not revoke his prior express consent to be called on his cell phone until he sent the August 23, 2013 letter.  Thus, Defendant argues, without citation to authority, that Plaintiff did not revoke his prior express consent via his June 27, 2013 letter.  However, the Court is not willing to reach an argument that is not properly briefed.  Defendant (along with Plaintiff) should brief this issue (with citations to authority) and include it within the parties' pretrial statement.

Second, Defendant argues that the only communications that occurred after Plaintiff's June 27, 2013 letter were two communications that were required under the Fair Debt Collection Practices Act. Again, Defendant failed to support this argument with citations to authority, and the Court is not willing to reach an argument that is not properly briefed. Defendant (along with Plaintiff) should brief this issue (with citations to authority) and include it within the parties' pretrial statement.

Third, Defendant argues that at the very least, it is not liable under the TCPA for any calls made before Plaintiff's June 27, 2013 letter. This argument has already been addressed (with respect to Defendant's prior express consent argument), with the Court finding that genuine issues of material fact preclude summary judgment.

**IV.  Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that Defendant's Motion for Summary Judgment (Doc. No. 22) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 10th day of December, 2014.

SUSAN C. BUCKLEW
United States District Judge

Copies to: All parties and Counsel of Record