UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STANLEY W. LEE,

    Plaintiff,

                                  **Case No.: 8:13-cv-2276-T-SCB-MAP**

v.

GULF COAST COLLECTION
BUREAU, INC.,

    Defendant.
_____/

**JOINT FINAL PRETRIAL STATEMENT**

COME NOW the Plaintiff, STANLEY W. LEE and Defendant, GULF COAST COLLECTION BUREAU, INC., by and through their respective counsel and submit this Joint Final Pretrial Statement in compliance with the Court's February 5, 2014 Case Management and Scheduling Order [**DE 11**] and Local Rule 3.06.

**1.    BASIS OF FEDERAL JURISDICTION.**

Plaintiff brings this action pursuant to the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").  The Court has subject matter jurisdiction over this action pursuant to 47 U.S.C. § 207, which provides:

> Any person claiming to be damaged by any common carrier subject to the provisions of this chapter may either make complaint to the Commission as hereinafter provided for, or may bring suit for the recovery of the damages for which such common carrier may be liable under the provisions of this chapter, in any district court of the United States of competent jurisdiction; but such person shall not have the right to pursue both such remedies.

47 U.S.C. § 207 (1934).

Personal jurisdiction over the parties arises under 28 U.S.C. § 1337.  Venue is proper in this Court as Plaintiff and/or Defendant resides in this District and/or the complained of actions occurred in this District.  There are no unresolved jurisdictional questions in this case.

**2.     NATURE OF THE ACTION.**

Plaintiff alleges that Defendant violated the Telephone Consumer Protection Act 47 U.S.C. § 227(b)(1)(A)(iii) by placing multiple calls to Plaintiff's cellular telephone using an automatic telephone dialing system (ATDS) without Plaintiff's prior express consent. Plaintiff further asserts that even if prior express consent was given to Defendant, that consent was revoked on June 27, 2013, August 23, 2013 and May 1, 2014. Defendant has asserted that it has prior express consent to contact the Plaintiff since he provided his cellular telephone number to the original creditor during the transaction in which the underlying debt obligation as recognized by the FCC's interpretation as established under the Eleventh Circuit's opinion in Mais v. Gulf Coast Collection Bureau.

**3.     STATEMENT OF THE CASE**.

**(a)     Plaintiff.**  Plaintiff asserts that GCCB violated section 227(b)(1)(A)(iii) of the TCPA by placing calls to his cellular telephone using an automatic telephone dialing system without his prior express consent.  Plaintiff further asserts that any prior express consent he may have provided was revoked orally and by his correspondence to GCCB dated June 27, 2013, August 23, 2013 and May 1, 2014.

**(b)     Defendant**.  GCCB denies liability under the TCPA.  Defendant asserts that Plaintiff gave his prior express consent to receive telephone calls from GCCB by providing his telephone number to the original creditor in connection with the services for which the alleged debt was incurred.  Defendant maintains that Plaintiff did not revoke this consent

until his correspondence to Defendant dated August 23, 2013.

4. **EXHIBIT LIST.**

   **(a) Plaintiff.**

   Plaintiff's trial exhibit list is attached as **Attachment 1** on Clerk's approved form.

   **(b) Defendant.**

   Defendant's trial exhibit list is attached as **Attachment 2** on Clerk's approved form.

5. **WITNESS LIST.**

   **(a) Plaintiff.**

   Plaintiff's witness list is attached as **Attachment 3** on Clerk's approved form.

   **(b) Defendant.**

   Defendant's witness list is attached as **Attachment 4** on Clerk's approved form.

6. **EXPERT WITNESS.**

   **(a) Plaintiff -** None.

   **(b) Defendant** – None.

7. **DAMAGES.**

Plaintiff is seeking statutory damages under the TCPA of $500.00 per call. The TCPA does not entitle Plaintiff to an award of attorney's fees if he prevails. Plaintiff also asserts that Defendant's actions were willful and knowing and therefore seeks the court to increase the statutory damages to up to and including $1500.00 per call.

**8.   DEPOSITIONS TO BE OFFERED IN EVIDENCE AT TRIAL.**

**(a) Plaintiff.**  At this time, Plaintiff does not expect to offer the testimony of any witness by deposition.

**(b) Defendant.**  At this time, Defendant does not expect to offer the testimony of any witness by deposition.

**9.   STATEMENT OF UNCONTESTED FACTS WHICH WILL REQUIRE NO PROOF AT TRIAL.**

a.   Plaintiff is a resident of the Middle District of Florida;

b.   This court has jurisdiction over the parties and the subject matter;

c.   On July 22, 2011; September 1, 2011; May 16, 2012; May 22, 2012; and, January 10, 2012, Plaintiff signed forms entitled General Consent and Financial Agreements and other hospital admissions forms containing his cellular telephone number (ending in -0930).

d.   The telephone number Plaintiff provided on July 22, 2011; September 1, 2011; May 16, 2012; May 22, 2012; and, January 10, 2012, was not identified as a cellular or wireless telephone number;

e.   Plaintiff did not have a residential land line at the time of the subject medical services or any time since and relies on his cellular telephone for communication;

f.   Defendant received an electronic file transfer regarding the debt at issue, which contained Plaintiff's name and contact information, including the telephone number at issue (ending in -0930);

g.   Plaintiff did not attempt to revoke his consent for Defendant to contact

      him on his cellular telephone number prior to June 27, 2013.

10.    **APPLICABLE PRINCIPLES OF LAW.**

The parties agree that the substantive action at issue is governed by the Telephone Consumer Protection Act, 47 USC § 227 ("TCPA"). The Parties further agree to the applicability of the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

11.    **DISPUTED ISSUES OF FACT WHICH REMAIN TO BE LITIGATED.**

    **(a)** *Whether Defendant violated the Telephone Consumer Protection Act Section227(b)(1)(A)(iii) by placing calls to Plaintiff's cellular telephone without his prior express consent?*

    **(b)** *On what date did Plaintiff revoke his prior express consent to be contacted by Defendant on his cellular telephone?*

12.    **DISPUTED ISSUES OF LAW WHICH REMAIN FOR DETERMINATION.**

    **(a)** *Did Plaintiff provide his prior express consent, as defined under section 227 of the TCPA, to be contacted at his cellular telephone number when he provided that telephone number to medical providers on the healthcare admissions forms in relation to services for which a debt was incurred?*

13.    **JURY INSTRUCTIONS.**

The parties have attached proposed Jury Instructions as **Attachment 5.**

14.    **VERDICT FORM.**

The parties have each attached a proposed Verdict Form as **Attachments 6A and 6B**.

**15. DISAGREEMENT AS TO APPLICATION OF THE FEDERAL RULES OF EVIDENCE & FEDERAL RULES OF CIVIL PROCEDURE.**

None.

**16. MOTIONS / ADDITIONAL MATTERS.**

**(a) Plaintiff.**

(1) Plaintiff has a pending Motion in Limine filed on January 28, 2015 [DE 46]

**(b) Defendant.**

(1) None.

**WHEREFORE** Plaintiff, STANLEY LEE, and Defendant, GULF COAST COLLECTION BUREAU, INC., respectfully submit this proposed joint pretrial statement for the Court's consideration and for application and use before and during trial.

Dated this **29th** day of **January, 2015.**

| | |
|---|---|
| */s/ W. John Gadd, Esquire* | */s/ Ernest H. Kohlmyer, III* |
| W. John Gadd, Esquire | Ernest H. Kohlmyer, III, Esquire |
| Florida Bar No. 463061 | Florida Bar No. 110108 |
| Bank of America Building | Urban, Thier, Federer & Chinnery, P.A. |
| 2727 Ulmerton Road, Suite 250 | 200 S. Orange Avenue, Suite 2000 |
| Clearwater, FL 33762 | Orlando, FL 32801 |
| Telephone  (727) 524-6300 | Telephone (407) 245-8352 |
| wjg@mazgadd.com | Facsimile (407) 245-8361 |
| *Attorneys for Plaintiff* | kohlmyer@urbanthier.com |
| | *Attorneys for Defendant* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on **January 29, 2015**, via the Clerk of Court's CM/ECF system which will provide electronic notice to the following attorneys of record: W. John Gadd, Esquire wjg@mazgadd.com and Lisa R. Wilcox, LL.M. at lisa@wilcoxlawpa.com.

*/s/ Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III
Florida Bar No.: 110108
kohlmyer@urbanthier.com
Urban, Thier, Federer & Chinnery, P.A.
200 S. Orange Avenue, Suite 2000
Orlando, FL  32801
Phone: (407) 245-8352
Fax: (407) 245-8361
*Attorneys for Defendant*